IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASTORIA KING, individually and on behalf of those similarly situated,<br>       Plaintiff,<br>vs.<br>THREE SISTERS ENTERTAINMENT, INC., et al,<br>       Defendants. | CIVIL ACTION<br>1:22-cv-04235-LMM |

## JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL OF THIS ACTION WITH PREJUDICE

Plaintiff Astoria King ("Plaintiff"), individually and on behalf of all others similarly situated, and Defendants Three Sister's Entertainment, Inc. and Nianna Wright ("Defendants"), by and through their undersigned counsel, submit this joint motion seeking Court approval of their settlement of Plaintiff's wage and hour claims against Defendants. The Parties further seek dismissal of this action with prejudice. In support of this Motion, the Parties jointly state as follows:

I.  **Background**

On October 24, 2022, Plaintiff filed this action to recover unpaid wages due to her and others similarly situated under the Fair Labor Standards Act ("FLSA"),

Page 1 of 10
Astoria King v. Three Sister's Entertainment, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 1:22-cv-4235-LMM
Joint Motion for Settlement Approval and Dismissal of This Action with Prejudice

29 U.S.C. §§ 201, *et seq.* [Doc. 1]. Plaintiff alleged in her Complaint that Defendants misclassified Plaintiff and others similarly situated as independent contractors, exempt from the requirements of the FLSA, and that Defendants failed to pay Plaintiff and others similarly situated any wages at all for their hours worked. *Id.* Defendants deny Plaintiff's allegations and aver that they are not subject to and covered by the FLSA through either enterprise or individual coverage.

Though Plaintiff brought her FLSA claims as a putative collective action, she ultimately did not file a Motion for Conditional Certification. After Plaintiff decided not to further pursue a collective action, the Parties engaged in arm's length settlement negotiations. Ultimately, the Parties reached a settlement, memorialized in the Agreement and Release ("Agreement") attached hereto as Exhibit 1. Pursuant to this motion, the Parties seek approval of their Agreement from the Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). The Parties further request an Order from the Court dismissing the above-styled action. *See* Proposed Order Approving Settlement, attached hereto as Exhibit 2.

While the Agreement is a compromise of disputed claims, it does not constitute an admission by Defendants of the violation of any federal, state, or local statute or regulation, or the violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff. Defendants expressly deny having engaged in any

Page 2 of 10
Astoria King v. Three Sister's Entertainment, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 1:22-cv-4235-LMM
Joint Motion for Settlement Approval and Dismissal of This Action with Prejudice

wrongdoing or unlawful conduct in this lawsuit.

## II.     The Need for Court Approval

Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the District Court with a proposed settlement, and the District Court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where District Court has reviewed terms of settlement agreement).

In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a

Page 3 of 10
Astoria King v. Three Sister's Entertainment, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 1:22-cv-4235-LMM
Joint Motion for Settlement Approval and Dismissal of This Action with Prejudice

settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

### III.   The Settlement is Fair and Reasonable

Here, the Parties submit that the Court should approve their Agreement. The proposed Agreement arises out of an action that was adversarial in nature. The Defendants vigorously dispute the merits of Plaintiff's FLSA claims, and there is a bona fide dispute between the Parties as to Plaintiff's entitlement to relief under the FLSA, and, even assuming entitlement, the amount of such relief. Plaintiff and Defendants were represented by competent and experienced attorneys who are well versed in wage and hour disputes.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a bona fide dispute over the FLSA provisions." *Id.* at 1353, 1355. In *Lynn's Food Stores, Inc.*, the Eleventh Circuit established the following factors to determine whether to approve an agreed-upon resolution of an FLSA claim:

1.   Was it achieved in an adversarial context?

Page 4 of 10
Astoria King v. Three Sister's Entertainment, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 1:22-cv-4235-LMM
Joint Motion for Settlement Approval and Dismissal of This Action with Prejudice

2. Was the Plaintiff represented by attorneys who can protect their rights?

3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id.* at 1353-54.

In this instance, the resolution reached by the Parties was negotiated by experienced counsel who protected the rights of all Parties. The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes between the Parties with respect to whether Plaintiff was entitled to wages under the FLSA. The Defendants vigorously dispute the merits of Plaintiff's FLSA claims, and there is a bona fide dispute between the Parties as to Plaintiff's entitlement to relief. Even assuming such entitlement, the amount of relief is the subject of further dispute. Specifically, the Parties dispute whether the manner of Plaintiff's work renders her an employee under the FLSA; whether Defendants are subject to and covered under the FLSA through either enterprise or individual coverage; and the number of hours worked by Plaintiff—the very points of reasonable compromise identified in *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of

Page 5 of 10
*Astoria King v. Three Sister's Entertainment, Inc., et al.*
U.S.D.C. (N.D. Ga.) No. 1:22-cv-4235-LMM
Joint Motion for Settlement Approval and Dismissal of This Action with Prejudice

back wages that are actually in dispute, we allow the district court to approve the settlement . . . .").

The Parties entered into this settlement in recognition of the general risks inherent in any litigation – for Plaintiff, the risk of no recovery, and for the Defendants, the risk of a verdict against them on the merits. The Parties considered a number of specific factors before agreeing to the settlement, including (a) the factual and legal merits of Plaintiff's FLSA claims and Defendants' defenses, and the strengths and weaknesses of those arguments/positions, (b) the probability of recovery by Plaintiff on her claims, (c) the range of possible recovery by Plaintiff (including the difficulty Plaintiff faced proving the number of hours worked), (d) the time, expense, and other burdens of contested litigation that have been saved by the settlement, and (e) the additional benefit that a settlement provides now versus the uncertainty of a trial. Recognizing and considering those and other risks and issues, the Parties reached the Agreement after negotiations and submit that it provides for fair and reasonable compensation to Plaintiff, when weighed against the risks of no recovery after lengthy and expensive litigation that has and would be vigorously defended by Defendants, as well as a payment of reasonable attorneys' fees and costs to her counsel for prosecuting this action. The settlement represents a fair and reasonable compromise of this action by the Parties, made

Page 6 of 10
Astoria King v. Three Sister's Entertainment, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 1:22-cv-4235-LMM
Joint Motion for Settlement Approval and Dismissal of This Action with Prejudice

without any waiver or acceptance of liability by Defendants.

Under the terms of the settlement, Plaintiff is receiving an amount that compensates her for approximately 3.5 hours of uncompensated work at the applicable minimum wage per week during her alleged tenure with Defendants. Plaintiff is also receiving an additional, equal amount representative of liquidated damages. These amounts are reasonable given Defendants' position that Defendants owe Plaintiff no back wages whatsoever because Defendants were not subject to or covered by the FLSA through either enterprise or individual coverage, and even if they were, Defendants were not Plaintiff's employers; and that there is a dispute regarding the number of hours Plaintiff worked. Furthermore, Plaintiff had very little in terms of direct documentary evidence of hours worked and would have largely had to rely on estimates and testimony as to hours worked at trial, which would have been subject to any competing evidence put on by Defendants. In addition, the Parties dispute whether Plaintiff would be entitled to liquidated damages, and whether the applicable statute of limitations is 2 or 3 years, and for purposes of settlement Plaintiff's damages assume the third year applies. Finally, the settlement also takes into account the risk of Plaintiff receiving nothing at all from Defendants, due to their current financial situation. Defendant Three Sisters Entertainment, Inc., for example, no longer operates the club and is out of business.

Page 7 of 10
**Astoria King v. Three Sister's Entertainment, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 1:22-cv-4235-LMM**
**Joint Motion for Settlement Approval and Dismissal of This Action with Prejudice**

The Parties' settlement also includes a component of attorneys' fees and costs. The attorneys' fees and costs portion of the settlement is consistent with the contingency agreement between Plaintiff and her counsel of 40% plus costs and expenses. To the extent the Court wishes to assess the reasonableness of the fee component of the settlement, Plaintiff's counsel avers that it is reasonable. Plaintiff's lead counsel has billed over $17,000 in attorneys' fees and costs to this matter, taking it from initial fact investigation and Complaint drafting to discovery and damages calculations, through settlement drafting and finalization. At just 37% of the total fees and costs billed, $6,294.35 is reasonable. Of the $6,294.35 in fees and costs, $2,294.35 covers the costs of this case while $4,000 is for fees. These costs, totaling $2,294.35, are limited to a $402.00 filing fee, $63.50 in expenses for service of process, a $150 PHV fee, and $1,678.85 for transcript services for the 30(b)(6) deposition of Defendant Three Sister's Entertainment, Inc.

## IV. Conclusion

WHEREFORE, premises considered, the Parties respectfully request that the Court enter an Order and judgment that (1) approves the Parties' Agreement and directs that they comply in all respects, and (2) that dismisses this action with prejudice but retains jurisdiction only for the purpose of enforcing the terms of the Agreement.

Page 8 of 10
Astoria King v. Three Sister's Entertainment, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 1:22-cv-4235-LMM
Joint Motion for Settlement Approval and Dismissal of This Action with Prejudice

This 26th day of February, 2024.

Respectfully submitted,

**PLAINTIFF ASTORIA KING**

FORESTER HAYNIE, PLLC
400 North Saint Paul Street, Ste. 700
Dallas, Texas 75201
Telephone: (214) 210-2100

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
cqualls@foresterhaynie.com

**LEAD COUNSEL FOR PLAINTIFF**

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
Telephone: 404-688-6800
Facsimile: 404-688-6840

Dean R. Fuchs
Ga. Bar No. 279170
d.fuchs@swtwlaw.com

**LOCAL COUNSEL FOR PLAINTIFF**

and **THREE SISTER'S ENTERTAINMENT, INC., and NIANNA WRIGHT, DEFENDANTS**

LOGUE LAW, PC

Page 9 of 10
Astoria King v. Three Sister's Entertainment, Inc., et al.
U.S.D.C. (N.D. Ga.) No. 1:22-cv-4235-LMM
Joint Motion for Settlement Approval and Dismissal of This Action with Prejudice

        3423 Weymouth Court
        Marietta, Georgia 30062
        Telephone: (770) 321-5750

        */s/ Keith Logue*
        A. Keith Logue
        Ga. Bar No. 456250
        keith@logue-law.com

        **COUNSEL FOR DEFENDANTS**

**Page 10 of 10**
**Astoria King v. Three Sister's Entertainment, Inc., et al.**
**U.S.D.C. (N.D. Ga.) No. 1:22-cv-4235-LMM**
**Joint Motion for Settlement Approval and Dismissal of This Action with Prejudice**