# **AGREEMENT AND RELEASE**

### 1. **Parties And Released Parties:**

This document sets forth the terms and conditions of the Agreement and Release (hereinafter "Agreement") by and between Astoria King ("Plaintiff") and Defendants Three Sisters Entertainment, Inc., on behalf of itself and its affiliates, predecessors, successors, directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys, and agents, and Nianna Wright ("Defendants"). Plaintiff and Defendants are referred to herein as the "Parties."

WHEREAS, Plaintiff initiated the lawsuit Astoria King, et al. v. Three Sisters Entertainment, Inc. and Nianna Wright, Case No. 1:22-cv-4235-LMM (the "Action") on October 24, 2022, pending in the United States District Court for the Northern District of Georgia (the "Court");

WHEREAS, in the Action, Plaintiff, on behalf of a putative collective action, asserted claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), but ultimately did not file a Motion for Conditional Certification;

WHEREAS, Defendants deny that they have committed any wrongdoing or violated the FLSA, have vigorously disputed the claims asserted in the Action, and assert that they have strong defenses to the claims in the Action, which defenses they believe are meritorious;

WHEREAS, the Parties have accepted a settlement fully and finally resolving the claims asserted in the Action, including but not limited to, liquidated damages, benefits, any and all other monetary damages of any kind (including but not limited to interest), and other relief of any nature whatsoever arising from the Action;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, the Parties desire to settle and finally resolve all claims arising out of the Action, from the beginning of the world through the date of this Agreement;

WHEREAS, the Parties, through their counsel, represent that they have conducted a thorough investigation into the facts relevant to the Action and, having diligently investigated the allegations contained in the Action, believe that the settlement between the Parties is fair, reasonable, adequate, and in the best interests of all in light of all known facts and circumstances, including the considerable expense of discovery and litigation, defenses asserted by the Parties, uncertainty of the result through continued litigation and appeal, and the risks of delay and an adverse judgment;

WHEREAS, the Parties have engaged in arms-length negotiations that led to the Parties' agreement on the terms contained herein; and

WHEREAS, the Parties' desire to resolve on the terms set forth herein any and all claims that were or could have been asserted by Plaintiff against Defendants.

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

### 2. Payment And Consideration:

A. Defendants agree to pay Plaintiff and her counsel Ten Thousand Dollars ($10,000.00) with respect to the claims asserted in the Action, to be apportioned as follows:

  i. A check in the amount of $1,852.83 made payable to Plaintiff, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendants will issue Plaintiff an IRS Form W-2;

  ii. A check in the amount of $1,852.82 made payable to Plaintiff, without withholdings, representing liquidated damages, for which Defendants will issue Plaintiff an IRS Form 1099;

  iii. A check in the amount of $6,294.35 in settlement of any and all claims for attorneys' fees and costs, made payable to Forester Haynie, PLLC, for which Defendants will issue an IRS Form 1099.

B. Defendants agree and understand that they shall be jointly and severally liable for the payment discussed in Paragraph 2(A).

C. The payment discussed in Paragraphs 2(A) shall be paid by Defendants within seven (7) calendar days after the Court issues its notice of approval of the settlement of this matter (including this Agreement). Defendants shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Forester Haynie, PLLC, 400 North Saint Paul Street, Suite 700, Dallas, Texas 75201.

D. If Defendants fail to make timely payment of the $10,000 when due as set forth in Paragraph 2(C), the Parties shall cause to be filed with the Court a Proposed Consent Judgment authorizing the acceleration of all unpaid amounts due under this Agreement and allowing for Plaintiff's immediate execution on the remaining amount of the judgment. A copy of the Proposed Consent Judgment is attached hereto and must be executed by Defendants contemporaneously with this Agreement. Written notice must be provided to Defendants' counsel, Keith Logue, and may be provided via email or U.S. Mail.

### 3. Specific Release:

        A.     Plaintiff irrevocably and unconditionally releases all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes that have been made or could have been made by or on behalf of Plaintiff against Defendants relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.

        B.     Plaintiff understands that she is releasing Defendants from claims that she may not know about. That is her **knowing and voluntary intent**, even though she recognizes that someday she might learn that some or all of the facts she currently believes to be true are untrue and even though she might then regret having signed this Agreement. Nevertheless, Plaintiff is assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Plaintiff expressly waives all rights she might have under any law that is intended to protect her from waiving unknown claims. Plaintiff understands the significance of doing so.

## 4. Covenant Not To Sue:

Plaintiff further covenants and acknowledges that she, nor any person, organization or other entity acting on her behalf, has or will sue or cause or permit suit against Defendants upon any claim released herein or to participate in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon or otherwise enforce or accept any judgment, decision, award, warranty or attachment upon any claim released herein. In the event of any claim by an agency or federal or state government or a claim by any person against the Defendants for conduct by the Defendants against Plaintiff for any conduct arising prior to the effective date of this Agreement, Plaintiff does waive her right to personally recover any monetary amount in any such proceedings, and Plaintiff covenants to immediately return to Defendants any amounts paid to Plaintiff pursuant to any such proceedings.

## 5. Knowing And Voluntary Waiver And Release:

        A.     It is understood and agreed that this Agreement is executed by the Parties knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities or value of the Parties' claims.

        B.     The Parties also acknowledge that no promise or inducement has been offered or made except as set forth in this Agreement. The Parties further acknowledge that consideration for this Agreement consists of financial payments and benefits to which Plaintiff otherwise has no legal entitlement.

        C.     As part of the consideration for the conditions of the settlement as set forth above, the Parties expressly warrant and represent that: (a) the Parties are legally competent to execute this Agreement; (b) the Parties have not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, which the Parties have or may have by reason of the incident described above or any matters arising out of or relating thereto; (c) there

are no outstanding subrogation claims or liens of any type or character, by reason of the incident detailed herein, including no lien or right of reimbursement for any healthcare-related expenses relating to or in any way connected with the claims asserted in the above-styled civil action, including but not limited to liens or rights created by or pursuant to agreement; state or federal law; O.C.G.A. §§ 44-14-470, et seq. and 49-4-148, et seq.; Medicare/Medicaid; TRICARE; CHAMPVA; ERISA; or employee benefit plan; and (d) all healthcare-related, medical, dental, pharmacy, hospital, nursing home, physician practice, and provider of traumatic burn care medical practice charges and bills incurred for treatment of injuries relating to or in any way connected with the claims asserted in the above-styled civil action for which a compromise and settlement has been made have been fully paid.

### 6. **Right To Retain Advisor Or Counsel:**

A.     It is understood that the Parties have the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and are advised to consult with legal counsel prior to signing this Agreement. The Parties also acknowledge that, before signing this Agreement, the Parties have read and fully understand each paragraph thereof. Any notice required to Parties under this Agreement shall be satisfied by written notice to the undersigned counsel for the Releasors.

B.     The Parties acknowledge that, upon the effective date of this Agreement, Plaintiff will fully and irrevocably release any and all claims that she may have against Defendants alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes that have been made or could have been made by or on behalf of Plaintiff against Defendants relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.

### 7. **Entire Agreement:**

A.     This Agreement constitutes the entire agreement between the Parties pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations and understandings. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by the Parties.

B.     In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

### 8. **Effective Date:**

This Agreement shall become effective and irrevocable upon its execution by the Parties.

**9.     Successors And Assigns:**

This Agreement shall be binding upon the Parties and their heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Parties and their predecessors, successors and assigns.

**10.    Miscellaneous:**

A.   The Parties acknowledge that they have had sufficient time to consider whether or not they desire to enter into this Agreement.

B.   This Agreement is executed with the full knowledge and understanding on the part of the Parties that there may be more serious consequences, damages or injuries, which are not now known, and that any draft or benefits conferred herein to the Parties in consideration of this Agreement are accepted as final. The Parties further agree and represent that it is within the Parties' contemplation that the Parties may have claims against another Party of which, at the time of the execution of this Agreement, the Parties have no knowledge or suspicion, but the Parties agree and represent, without affecting the generality of the foregoing paragraphs, that this Agreement extends to all claims in any way based upon, connected with or related to the matters described herein, whether or not known, claimed or suspected by the Parties.

C.   Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

D.   The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

E..  This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendants shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement. Fax or scanned signatures in lieu of original signatures are also acceptable.

IN AGREEMENT HERETO, the Parties set their hand and seal.

_____        _____
Astoria King                                                         Date

_____  02/21/24
For Three Sisters Entertainment, Inc.    Date

_____  02/21/24
Nianna Wright                            Date

_____  02/14/2024
Astoria King (Feb 14, 2024 13:02 EST)  _____
Astoria King                           Date


_____     _____
For Three Sisters Entertainment, Inc.  Date


_____     _____
Nianna Wright                          Date

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ASTORIA KING, individually and on behalf of those similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>THREE SISTERS ENTERTAINMENT, INC., et al,<br><br>    Defendants. | CIVIL ACTION<br><br>1:22-cv-04235-LMM |

## PROPOSED CONSENT JUDGMENT

NOW before this Court is Plaintiff's Original Complaint against Defendants. After reviewing all the pleadings and the Parties' agreement before the Court, this Court finds, order, and decrees as follows:

1. This Court has subject matter jurisdiction and venue is proper.

2. Plaintiff initiated this action on October 24, 2022, against Defendants Three Sisters Entertainment, Inc., and Nianna Wright, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff proper minimum wages and overtime compensation. [Doc. 1].

3. Defendants admit responsibility for $10,000 owed to Plaintiff and her attorneys.

4. Plaintiff is entitled to a judgment against Defendants.

5. Upon agreement of the Parties, Defendants were to pay Plaintiff according to the terms of the Settlement Agreement, attached hereto as Exhibit A.

6. The Settlement Agreement provided that Defendants would pay the overall sum of $10,000. This payment amount was to be paid within seven (7) calendar days after this Court issued its notice of approval of the settlement of this matter.

7. Defendants have failed to pay $_____ pursuant to the terms of the Settlement Agreement.

8. Due to the Defendants' breach of the Settlement Agreement, the entire judgment amount remaining shall be subject to six percent (6%) per annum post-judgment interest.

9. The entire amount of the unpaid debt is now due and payable.

WHEREFORE, it is considered, ordered, and adjudged that Plaintiff Astoria King has judgment over and against Defendants in the sum of $_____.

**IT IS SO ORDERED.**

_____
LEIGH MARTIN MAY
U.S. DISTRICT JUDGE

Agreed by:

_____
For Three Sisters Entertainment, Inc.

_____
Nianna Wright

Approved as to form:
Keith Logue
Attorney for Defendants
LOGUE LAW, PC
3423 Weymouth Court
Marietta, Georgia 30062
Telephone: (770) 321-5750
keith@logue-law.com

Prepared by:

Colby Qualls
Attorney for Plaintiff
FORESTER HAYNIE, PLLC
400 North Saint Paul Street, Ste. 700
Dallas, Texas 75201
Telephone: (214) 210-2100
cqualls@foresterhaynie.com